**So Ordered.**

*Patricia C. Williams*
Patricia C. Williams
Bankruptcy Judge

**Dated: November 30th, 2012**

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br>LLS AMERICA, LLC,<br>        Debtor. | No. 09-06194-PCW11 |
| BRUCE P. KRIEGMAN, solely in his capacity as court-appointed Chapter 11 Trustee for LLS America, LLC,<br>        Plaintiff,<br>vs.<br>WILLIAM JANVARY and CLAIRE JANVARY,<br>        Defendants. | Adv. No. 11-80115-PCW<br><br>MEMORANDUM DECISION RE: DEFENDANTS WILLIAM AND CLAIRE JANVARY'S MOTION TO DISMISS (ECF NO. 5) |

This adversary is one of hundreds commenced by the trustee of the LLS America, LLC ("LLS America") bankruptcy estate, which adversaries seek, pursuant to 11 U.S.C. § 548 and other causes of action, to recover money paid by the debtor to certain lenders or investors as part of an alleged Ponzi scheme conducted by the debtor. Defendants William and Claire Janvary filed a motion to dismiss on July 6, 2012, ECF No. 5.

MEMORANDUM DECISION RE: . . . - Page 1

In a similar adversary, *Kriegman v. Cooper*, No. 11-80093-PCW, an oral decision was rendered on May 24, 2012, ECF No. 118, on the issue of pleading fraud with particularity, and a written decision was entered on July 2, 2012, ECF No. 146, regarding the following issues: 1) lack of personal jurisdiction; 2) ineffective service of process; and 3) the improper imposition of United States bankruptcy law (collectively, the "Previous Decision").

The grounds for dismissal in the subject motion are: (1) ineffective service of process by mail; (2) improper extraterritorial application of United States bankruptcy law; and (3) failure to state the alleged fraud with particularity as required by Fed. R. Civ. P. (9)(b). With the exception noted below, the reasoning regarding the denial of dismissal based on those grounds is set forth in the Previous Decision and applicable to the subject motion.

The defendants also argue that service of process on the address listed in the proof of claim for notices is not appropriate. The official proof of claim form required by Fed. R. Bankr. P. 9009 requires the claimant to list an address "where notices are to be sent." It has long been recognized that an objection to a proof of claim or communications specifically relating to the proof of claim must be served on the notice address listed on the proof of claim. *In re Barker*, 306 B.R. 339 (Bankr. E.D. Cal. 2004). However, Fed. R. Bankr. P. 7004 governs adversary proceedings. It allows service of a complaint by first class mail to "the individual's dwelling house or usual place of abode" or place of business. The question presented in this situation is whether service of an adversary complaint to the address listed for notices in the proof of claim satisfies the requirements of Fed. R. Bankr. P. 7004. The conclusion is that if the notice address on the proof of claim is not the dwelling or usual place of abode or business of the defendant, service of the adversary complaint is not effective.

The defendants filed a proof of claim in the names of William or Claire Janvary on November 23, 2009 (Claim No. 507), which lists an address in Suwanee, Georgia, for notice purposes. Original notice to the defendants of the LLS America bankruptcy filing,

which notice contains certain deadlines, including that for filing proofs of claim, was sent to the same Suwanee, Georgia, address as well as to an address in Murphy, North Carolina. There are various promissory notes attached to the proof of claim, which are dated from March 19, 2004 to August 5, 2008. The promissory notes which contain addresses, state that the address of the defendants is the same Suwanee, Georgia, address.[1] By declaration filed July 6, 2012 (ECF No. 6), the defendants stated that they reside outside the United States and "moved outside the United States in 2006."

The inference from this evidence is that the defendants were properly served with the summons and complaint, which they do not deny receiving. That inference when compared to the declaration filed by the defendants may raise issues of credibility, but is not sufficient to conclude that service was proper under Fed. R. Bankr. P. 7004. The trustee should attempt to serve process as required by that rule, and the trustee is granted ninety (90) days from the entry of this decision in which to do so. The cost of such service may constitute a cost under Fed. R. Bankr. P. 7054, which would be recoverable in any judgment to which the trustee may ultimately be entitled.

After further service by the trustee, should the defendants believe an issue still exists regarding improper service, the defendants must re-note their motion to dismiss promptly.

///END OF MEMORANDUM DECISION///

---

[1] Some of the attached promissory notes listed a different individual "or Claire Janvary" as lenders or investors. For purposes of this decision, those notes have been disregarded.

MEMORANDUM DECISION RE: . . . - Page 3